```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

UNITED STATES STEEL CORPORATION, )
)
        Plaintiff     )
)
    v.                            )   Case No. 2:07 CV 305
)
SCHEUERLE FAHRZEUGFABRIK GmbH,  )
)
        Defendant     )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Joinder [DE 46] filed by the defendant, Scheuerle Fahrzeugfabrik GmbH, on April 30, 2010. For the following reasons, the motion is DENIED.

## Background

The plaintiff, United States Steel ("USS"), filed its complaint against the defendant, Scheuerle Fahrzeugfabrik GmbH, on September 7, 2007, alleging property damage caused by Scheuerle's negligence in re-lining a furnace at its Gary, Indiana facility. USS had taken out an insurance policy for the project which was underwritten by five insurance companies. The insurers reimbursed USS for the total assessed property loss minus the $50,000 deductible. At the January 11, 2008 Rule 16 preliminary pre-trial conference, the court set the final date to amend the pleadings and join parties as June 30, 2008. Scheuerle

filed this motion to compel joinder of the five insurance underwriters on April 30, 2010.

## Discussion

From purely a temporal perspective, Scheuerle has allowed the opportunity to join additional parties and amend its pleadings to pass. See Link v. Taylor, 2009 WL 281054, *2 (N.D. Ind. Feb. 2, 2009)("[T]he good cause standard [for amendments under Rule 16(b)] focuses on the diligence of the party seeking the amendment. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met."). Scheuerle is mistaken that its motion to compel joinder does not have to comply with the good cause standard Rule 16 imposes. Rule 16(b)(3)(A) requires the scheduling order to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." (emphasis added). After the deadlines are set, a party seeking to modify the scheduling order first must show "good cause". Rule 16(b)(4). See also Link, 2009 WL 281054 at *2. Scheuerle has not provided any justification for its delay in moving to join the insurance companies even though it has been aware of them since August 6, 2009. Without the ability to show good cause to amend the scheduling order under Rule 16(b)(4), the court need not reach the analysis of whether the amendment is proper based on its

2

merits. See Link, 2009 WL 281054 at *2 ("[A] party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15.").

Scheuerle's untimeliness also bars joinder of the insurers on the merits of its claim. Scheuerle moved for joinder under Federal Rule of Civil Procedure 17(a)(3) which provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Whether a party may be joined under Rule 17(a) entails a two part analysis: "(1) whether in a suit by the insured to recover the whole loss, the partially subrogated insurer is a 'real party in interest' and (2) if the insurer is a 'real party in interest,' must it be joined as a proper party plaintiff." Warner/Elektra-/Atlantic Corp. v. Village of Bensenville, Illinois, 1989 WL 91773, *2 (N.D. Ill. 1989). In a diversity case, the court must look to state substantive law to determine the persons entitled to enforce the right asserted. Id. The operative question is whether under Indiana law the insurer has a substantive right or

3

claim to recover the money it paid. Id. "Indiana substantive law follows this general rule of considering the subrogated insurer to have a right to maintain a cause of action against an insured's wrongdoer and therefore be a real party in interest." Carpetland, U.S.A. v. J.L. Adler Roofing, Inc., 107 F.R.D. 357, 358 (N.D. Ill. 1985)(citing Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co. v. Home Insurance Co., 108 N.E. 525 (Ind. 1915); Baltimore and Ohio Railroad Company v. Day, 166 N.E. 668 (Ind. App. 1929)).

Although partially subrogated insurers are a real party in interest and necessary to the lawsuit, they are not indispensable parties.[1] See Krueger, 996 F.2d at 934 ("[W]here an insurer has become partially subrogated to the rights of an insured under the Federal Tort Claims Act, both are necessary but not indispensable parties"). The defendant must make a timely motion to join the insurer. Warner, 1989 WL 91773 at *2. Otherwise, the subrogor can proceed independently in the action. Wadsworth v. U.S. Postal Service, 511 F.2d 64, 67 (7th Cir. 1975). Scheuerle waited almost 22 months after the June 30, 2008 deadline to file its motion to compel joinder of the insurance companies even

---

[1] The insured is dispensable where joinder would destroy diversity jurisdiction. Krueger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993) (denying joinder of insurer because it would destroy diversity). The parties have not provided any information regarding the effect joinder of the insurers would have on subject matter jurisdiction. Therefore, it is unclear whether joinder would be permitted even if Scheuerle's motion was timely filed.

though Scheuerle was aware of the insurance companies throughout the pendency of this case.  Scheuerle has failed to provide any justification for this delay.  Additionally, there is no obvious reason to permit joinder at this late stage since Scheuerle will not be exposed to multiple liability if the insurance companies are not joined.  See Erie Ins. Co. v. George, 681 N.E.2d 183, 184 (Ind. 1997) (finding that an insurance company could not sue separately to enforce a personal injury claim arising out of subrogation prior to resolution of its insured's claims).  A settlement conference has been scheduled for November 9, 2010.  Permitting Scheuerle to join the insurers at this stage of the case may delay the trial because the court would have to provide the insurers the opportunity to retain counsel and conduct discovery and would have to determine whether the court retains its diversity jurisdiction.  Because of Scheuerle's untimeliness, inability to comply with the court's deadlines for joining parties, and failure to show good cause to modify the scheduling order, the Motion to Compel Joinder [DE 46] filed by the defendant on April 30, 2010, is DENIED.

    ENTERED this 25th day of October, 2010

                                    s/ Andrew P. Rodovich
                                       United States Magistrate Judge